# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

NICHOLAS COURTEAUX                             CIVIL ACTION

VERSUS                                         15-530-SDD-EWD

UNION PACIFIC RAILROAD COMPANY,
UNION PACIFIC RAILROAD CORPORATION,
KINDER MORGAN G.P., INC., KINDER
MORGAN ENERGY PARTNERS, L.P.,
CHESAPEAKE ENERGY CORPORATION,
CHESAPEAKE OPERATING, L.L.C., AND
EARTHSTONE OPERATING, LLC

## RULING

This matter is before the Court on the *Motions to Dismiss* filed by Defendants, Union Pacific Railroad Company and Union Pacific Railroad Corporation ("Union Pacific"),[1] Kinder Morgan G.P., Inc. and Kinder Morgan Energy Partners, L.P. ("Kinder Morgan"),[2] Chesapeake Energy Corporation and Chesapeake Operating, L.L.C. ("Chesapeake"),[3] and Earthstone Operating, LLC ("Earthstone")[4] or collectively "the Defendants." Plaintiff, Nicholas Courteaux ("Plaintiff"), has filed an *Opposition*[5] to each motion, to which all Defendants have filed *Replies*.[6] For the reasons which follow, the Court finds that the Defendants' motions should be granted.

---

[1] Rec. Doc. No. 11.
[2] Rec. Doc. No. 16.
[3] Rec. Doc. No. 5.
[4] Rec. Doc. No. 10.
[5] Rec. Doc. Nos. 15, 20, 26, & 28.
[6] Rec. Doc. Nos. 23, 27, 29, & 30.
30999

**I.   BACKGROUND**

This case arises out of a train accident which occurred in De Soto Parish, Louisiana, on February 16, 2015. A Union Pacific freight train collided with a Dodge Ram pickup truck that had stopped on the railroad tracks. The three occupants of the pickup truck were killed. At the time of the collision, Plaintiff had crossed the tracks in his vehicle and viewed the collision from his own truck. Plaintiff has alleged that, on the date of the accident, four trucks were returning from lunch and traveling in procession on a private drive on their way to a pipeline job site.[7] The private drive is accessed from LA Hwy 5. Approximately 70 feet from the highway turnoff is a private railroad crossing, and 85 feet beyond the railroad crossing is a cattle guard, fence, and locked gate.[8] The *Complaint* alleges that the gate was interlocked with locks from Kinder Morgan, Chesapeake, and Earthstone.[9] Plaintiff was alleged to be in the third truck of this processional. Plaintiff contends that his truck and the first two trucks had crossed the train tracks and were waiting for the gate to be opened, while the fourth truck was stopped on the train tracks.[10] Shortly thereafter, a Union Pacific freight train collided with the stopped truck and all three occupants were killed.[11]

Plaintiff filed this lawsuit seeking damages for the mental anguish he has suffered from witnessing this accident. Plaintiff alleges that he "witnessed and felt the impact of

---

[7] Rec. Doc. No. 1, ¶ 21.
[8] *Id.* at ¶ 22.
[9] *Id.* at ¶ 23.
[10] *Id.* at ¶¶ 24-25.
[11] *Id.* at ¶¶ 24-27.
30999

the collision,"[12] and that the "violent collision behind him" caused him to "fear for his own personal safety."[13]  Plaintiff further contends that he has suffered "severe and disabling and debilitating and foreseeable emotional distress and mental anguish" as a result of "witnessing the Collision and participating in the accident and aftermath."[14]  Plaintiff contends he "was involved to a reasonable degree, in proximity and time, in the collision,"[15] and that the collision and its aftermath "presented an especial likelihood of genuine and serious mental distress and arose from the special circumstances which serve as a guarantee that plaintiff's claims are not spurious."[16]

Plaintiff contends Kinder Morgan, Chesapeake, and Earthstone were negligent in locking the gate, failing to provide adequate warning-signal devices, and/or creating a hazard with the locked gate unaccompanied by warnings.  Plaintiff claims these three Defendants created an unsafe entry way onto the property and an unsafe railroad crossing.[17]  Plaintiff asserts numerous allegations of negligence against Union Pacific, including, *inter alia*, inadequate audible or visual warning, train operations, failure to repair and inspect an unsafe crossing, and failure to report unsafe conditions.[18]

All of the Defendants have moved to dismiss Plaintiff's claims under Rule 12(b)(6), arguing that this Plaintiff does not have a legally cognizable claim under the law as he does not meet the bystander exception set forth in Article 2315.6 of the Louisiana Civil

---

[12] *Id.* at ¶ 28.
[13] *Id.*
[14] *Id.* at ¶ 29.
[15] *Id.* at ¶ 30.
[16] *Id.* at ¶ 31.
[17] *Id.* at ¶¶ 77-81.
[18] *Id.* at ¶¶ 33-55.
30999

Code, he was not a participant in the accident as set forth by applicable jurisprudence, and they owed no duty to this Plaintiff under applicable law.

## II. LAW & ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[19] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[20] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[21] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[22] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[23] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the

---

[19] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[20] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[21] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
30999

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[25] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[26] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[27]

### B. Participant

Plaintiff concedes that he cannot bring a bystander claim as he is not an enumerated person set forth in Article 2315.6,[28] which allows recovery for mental anguish or emotional distress to a specific class of persons who witness or come upon the scene of an event causing injury to another. Plaintiff's claims are based wholly on his contention that he was a participant in this accident/collision under the law.

---

[24] *Twombly*, 550 U.S. at 570.
[25] *Iqbal*, 556 U.S. at 678.
[26] *Taha v. William Marsh Rice University*, No. H-11-2060, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[27] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[28] A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
    (1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
    (2) The father and mother of the injured person, or either of them.
    (3) The brothers and sisters of the injured person or any of them.
    (4) The grandfather and grandmother of the injured person, or either of them.
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
30999

Generally, a defendant will not be held liable under Louisiana law where its conduct is merely negligent and causes only emotional injury unaccompanied by physical injury as outlined in *Moresi v. State, Department of Wildlife and Fisheries*.[29] In *Moresi*, the Louisiana Supreme Court considered whether a plaintiff could recover for mental disturbances caused by a defendant's ordinary negligence when the mental disturbance was unaccompanied by physical injury, illness, or other physical consequences.[30] The court refused to allow recovery for mental anguish absent a physical injury except in "special circumstances."[31] Only where there is an "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious," will recovery be permitted.[32]

Louisiana courts have identified only four instances in which recovery is allowed for mental anguish without physical injury.[33] These instances all involve "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serve as a guarantee that the claim is not spurious."[34] These four circumstances are discussed below.

First, a plaintiff may recover damages for a defendant's infliction of emotional distress based on a separate tort involving physical consequences to the person or

---

[29] *Molden v. Georgia Gulf Corp.*, 465 F.Supp.2d 606, 614 (M.D. La. 2006), citing *Moresi v. State, Department of Wildlife and Fisheries*, 567 So.2d 1081, 1096 (La.1990). *See also Bonnette v. Conoco, Inc.*, 837 So.2d 1219, 1235 (2003).
[30] *Id.*, citing *Moresi*, 567 So.2d at 1095.
[31] *Id.*, quoting *Moresi*, 567 So.2d at 1096.
[32] *Id.,* quoting *Moresi*, 567 So.2d at 1096.
[33] *Id.*
[34] *Id.*,quoting *Moresi*, 567 So.2d at 1096.
30999

property of the plaintiff, such as an assault or a battery, false imprisonment, trespass to land, nuisance or the invasion of the person's right to privacy.[35] Second, a defendant's intentional infliction of emotional distress will also support an award for mental anguish damages.[36] Third, when the plaintiff is a direct participant in the accident causing the emotional injury, **and** the defendant owes a direct, specific statutory duty to the plaintiff to refrain from the specific conduct that causes the accident, damages for the infliction of emotional distress may be awarded, even absent physical injury.[37]  Finally, a bystander may recover an award for infliction of emotional distress where the bystander either views the accident or injury causing event or comes upon the accident before a substantial change.[38]

When a plaintiff does not fall into one of the above four categories, the plaintiff must prove the "claim is not spurious by showing a particular likelihood of genuine and serious mental distress arising from special circumstances."[39]  If the plaintiff is unable to meet this standard, recovery for mental distress is not allowed absent physical injury.

Plaintiff claims that he was a participant in the accident and cites *Dumas v. Angus Chemical Company*[40] in support of his position.  In a case involving toxic exposure after an explosion at a fertilizer plant, the *Dumas* court held that:  "Regardless of whether recovery is premised on 'participation' or an 'ordeal in progress,' the inquiry remains

---

[35] *Id.*, citing *Moresi,* 567 So.2d at 1095.
[36] *Id.*, quoting *White v. Monsanto*, 585 So.2d at 1209.
[37] *Id.* at 614-615, citing *Clomon v. Monroe City School Board*, 572 So.2d 571, 586 (La.1990); *Guillory v. Arceneaux*, 580 So.2d 990 (La.App. 3 Cir.1991), *writ denied*, 587 So.2d 694 (La.1991)(emphasis added).
[38] *Id.* at 615, citing *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559, 570 (La.1990).
[39] *Id.*, quoting *Bonnette v. Conoco, Inc.*, 837 So.2d at 1235.
[40] 31,400 (2d Cir. 1/11/99), 728 So.2d 441.
30999

whether the claimant was 'involved' to a reasonable degree [proximity in time and distance] in the event causing harm."[41]  Plaintiff contends that the Defendants' interpretations of "participant" are narrower than it is defined by jurisprudence.  Plaintiff further claims that he was "involved in the accident to a reasonable degree [proximity in time and distance]"[42] such that he was a participant under the law.

The Court finds that Plaintiff is not a "participant" as defined by Louisiana jurisprudence.  First, the Court notes that the allegations in Plaintiff's case are conclusory in that the allegations recite the necessary language for participation without any underlying factual support.  Second, nowhere does Plaintiff allege that he had to move to get out of the way of the oncoming train.  He was clearly not in the vehicle that was struck.  Witnessing a fatal accident, even in close proximity, does not render one a direct participant in the accident.  Under Plaintiff's overly broad interpretation, the passengers of any vehicles within one or two cars of any collision, or close enough to a traffic accident to feel any impact, could bring a claim for mental anguish or negligent infliction of emotional distress.  This would lead to an absurd result.

Moreover, while Plaintiff has alleged in his *Complaint* that the collision "presented an especial likelihood of genuine and serious mental distress and arose from the special circumstances which serve as a guarantee that plaintiff's claims are not spurious,"[43]

---

[41] *Id.* at 448.
[42] Rec. Doc. No. 15, p. 4.
[43] Rec. Doc. No. 1, ¶ 31.
30999

Plaintiff has alleged no factual support for such a claim nor has he identified the alleged special circumstances in this case.

The cases Plaintiff cites in support of his position are also easily distinguishable from the facts of this case. The plaintiff in *Pourciau v. Allstate Insurance Company* had to swerve and fall to the ground to avoid the vehicle that struck and killed her friend with whom plaintiff had been roller skating.[44] The plaintiff in *Guillory v. Arceneaux*[45] actually ran over a victim who was lying in the road after having been struck by a different vehicle. The plaintiff in *Carroll v. State Farm Insurance Co.*[46] was allowed to recover for mental anguish suffered during an ordeal in progress when a boat became airborne and passed directly over her head. In *Carroll*, the court noted that the plaintiff, who was nearly decapitated, "had to lean over to prevent the motor's propeller from slashing into her head."[47]

The facts alleged by the Plaintiff are not analogous to any of the factual circumstances in the above-cited cases. In the present case, the Plaintiff did not strike anything with his vehicle nor was his vehicle struck, he did not fall to the ground, he made no bodily contact with the train or any other vehicle, and he did not have to take any action to avoid the train or get out of the path of the oncoming train. No amount of artful pleading of legal "buzzwords" changes the fact that Plaintiff's allegations only confirm that he was

---

[44] 98-473 (La. App. 3 Cir. 4/17/98), 712 So.2d 250, *reversed in part and remanded*, 98-1129 (La. 4/29/1998), 805 So.2d 184. Defendant Earthstone erroneously argues that the Louisiana Supreme Court reversed the lower court's holding that the plaintiff had a right of action; in fact, the Louisiana Supreme Court held that the plaintiff's *daughter* was not one of the classes of persons who could recover under Article 2315.6.
[45] 580 So.2d 990 (La. App. 3 Cir. 1991).
[46] 427 So.2d 24 (La.App.3 Cir.1983).
[47] *Id.* at 26.
30999

a bystander and not a participant in this tragic accident. Further, having found that the Plaintiff was not a participant in this case, the Court need not address whether the Defendants owed a particular duty to this Plaintiff since both participation and duty are required for recovery.

### III. CONCLUSION

For the reasons set forth above, the Defendants' *Motions to Dismiss*[48] are GRANTED. As Plaintiff's only claims are for mental anguish/suffering, Plaintiff's claims are dismissed with prejudice for failure to state a claim.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 16, 2016</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[48] Rec. Doc. Nos. 5, 10, 11, & 16.
30999